**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WUXIN XU, | No. 07-74990 |
| Petitioner, | Agency No. A095-198-370 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2011[**]
Pasadena, California

Before: TROTT and RYMER, Circuit Judges, and MCNAMEE, Senior District
Judge.[***]

Wuxin Xu, a native and citizen of China, appeals a decision by the Board of

Immigration Appeals denying his application for asylum, withholding of removal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen M. McNamee, Senior United States District Judge for the District of Arizona, sitting by designation.

to China, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Xu testified that when he first left China, he went to Guam simply to look around and intended to return to China. He did not file an asylum application while in Guam. He instead went on vacation to Palau and then returned to China. Such testimony is inconsistent with his prior testimony that he was fleeing persecution in China. Therefore, substantial evidence supports the adverse credibility determination. *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006) ("An inconsistency goes to the heart of a claim if it concerns events central to petitioner's version of why he was persecuted and fled."); *id.* (noting that a single inconsistency is sufficient to support an adverse credibility determination if it relates to the basis for the petitioner's alleged fear of persecution and goes to the heart of the claim). In the absence of credible testimony, Xu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Xu's CAT claim is based on the same testimony found not to be credible, and he points to no other evidence the IJ should have considered, substantial evidence also supports the denial of CAT relief. *See id.* at 1156-57.

DENIED.